## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

RENE STRANO, individually and on behalf of
all others similarly situated,

                Plaintiff,

          - against -                          Class Action Complaint

THE PROCTER & GAMBLE COMPANY,
                                          Jury Trial Demanded
                Defendant.

Plaintiff Rene Strano ("Plaintiff") alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. The Procter & Gamble Company ("Defendant") manufactures, markets, and sells tampons under the Tampax brand under the Cardboard, Pearl, and Radiant sub-brands (collectively, the "Products").

2. Each of these Products states on the packaging that it is "free of dyes."

3. The Cardboard sub-brand states "FREE OF DYES" on the front and side of the package as shown below:




4. The Pearl sub-brand states "TAMPON FREE OF DYES" on the side of the package as shown below:



5. The Radiant sub-brand states "TAMPON FREE OF DYES" on the side of the package as shown below:



6. The statement "Free of Dyes" appeals to purchasers who seek tampons without added coloring.

7. Though it may be literally true that the tampons are "Free of Dyes," this statement is misleading because the Products contains titanium dioxide, a synthetically prepared powder used as a white pigment.

8. The use of titanium dioxide serves the identical purpose of dyes with respect to Products' tampons and tampon components.

9. The use of titanium dioxide is solely for the appearance of the Products' tampon and the tampon components and does not support the efficacy of the tampon or the tampon components.

10. Defendant sold more of the Products and at higher prices than it would have in the absence of this misleading statement, resulting in additional profits at the expense of consumers.

11. The Cardboard tampons are sold at as much as $0.24 per tampon; the Pearl tampons are sold at as much as $0.34 per tampon; and the Radiant tampons are sold at as much as $0.39 per tampon. The number of tampons per package varies, as does the price per tampon, but the Products are sold at a premium price compared to other tampons.

12. As a result of the misleading representations, the Products are sold at prices higher than similar products that are represented in a non-misleading way and at prices higher than they would be sold absent the misleading representations.

## Jurisdiction and Venue

13. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

14. The aggregate amount in controversy exceeds $5 million, including any statutory

damages, exclusive of interest and costs.

15. Plaintiff is a citizen of New York.

16. Defendant is an Ohio corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

17. The class of persons Plaintiff seeks to represent includes persons who are citizens of New York, a state different from which Defendant is a citizen.

18. The members of the class Plaintiff seeks to represent number more than 100 because the Products have been sold at thousands of locations and online in New York.

19. The Products are available to consumers from third-parties including grocery stores, dollar stores, warehouse club stores, drug stores, big box stores, and online.

20. Venue is in this District because Plaintiff resides in this District and the actions giving rise to these claims occurred within this District.

21. Venue is in this District, with assignment to the Brooklyn Courthouse, because a substantial part of the events or omissions giving rise to these claims occurred in Richmond County, including Plaintiff's purchase, transactions and/or use of the Products and awareness and/or experiences of and with the issues described here.

Parties

22. Plaintiff is a citizen of Staten Island, Richmond County, New York.

23. Defendant The Procter & Gamble Company is an Ohio corporation with a principal place of business in Cincinnati, Hamilton County, Ohio.

24. Defendant operates the Tampax brand of women's personal care products.

25. Plaintiff sought to purchase tampons that do not add unnecessary ingredients, such as coloring, which do not improve the efficacy of the Products.

26. Plaintiff purchased one or more of the Products on several occasions in 2021, 2022, 2023, and 2024 at various stores on and near Staten Island, including CVS, Walgreens, Rite Aid, Duane Reade, Target, and Stop and Shop.

27. Plaintiff read and relied upon the statement on the Products' packaging that the tampons are "free of dyes".

28. Plaintiff chose between Defendant's Products and similar products but which did not misrepresent their attributes and/or components.

29. Plaintiff paid more for the Products than she would have paid absent the misleading statement.

Class Allegations

30. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class:

> **New York Class:** All persons in New York who purchased the Products during the statutes of limitations for each cause of action alleged.

31. Common questions of issues, law, and fact predominate and include whether Defendant's representation the Products tampons are "free of dyes" was and is misleading and if Plaintiff and class members are entitled to damages.

32. Plaintiff's claims and bases for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

33. Plaintiff is an adequate representative because her interests do not conflict with other members.

34. No individual inquiry is necessary because the focus is only on Defendant's practices and the class is definable and ascertainable.

35. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

36. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### New York General Business Law ("GBL") §§ 349 and 350

37. Plaintiff incorporates by reference all preceding paragraphs.

38. Defendant's deceptive acts were directed at consumers.

39. Defendant's acts are misleading in a material way.

40. Plaintiff suffered injury as a result of Defendant's deceptive acts.

### Unjust Enrichment

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

1. Awarding monetary damages, statutory and/or punitive damages, and interest;
2. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and
3. Other and further relief as the Court deems just and proper.

Dated: April 29, 2024

Respectfully submitted,

REESE LLP

/s/ *Sue J. Nam*

Sue J. Nam
Michael R. Reese
Kate J. Stoia
100 W 93rd St, 16th Fl
New York NY 10025
(212) 643-0500
*snam@reesellp.com*
*mreese@reesellp.com*

Spencer Sheehan
SHEEHAN & ASSOCIATES, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
*spencer@spencersheehan.com*

James Chung
CHUNG LAW FIRM P.C.
43-22 216th St
Bayside NY 11361
(718) 461-8808
*jchung_77@msn.com*

*Counsel for Plaintiff and
the Proposed Class*